TUCKER ELLIS LLP
Michael J. Ruttinger (admitted *pro hac vice*)
michael.ruttinger@tuckerellis.com
Ethan W. Weber (admitted *pro hac vice*)
ethan.weber@tuckerellis.com
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Telephone:        216.592.5000
Facsimile:        216.592.5009

TUCKER ELLIS LLP
Bart L. Kessel SBN 125080
bart.kessel@tuckerellis.com
Anna-Sophie Tirre SBN 336835
anna-sophie.tirre@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:        213.430.3400
Facsimile:        213.430.3409

Attorneys for Defendants
THE J.M. SMUCKER COMPANY and
POST CONSUMER BRANDS, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBIN HUMPHREY, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY and POST CONSUMER BRANDS LLC,<br><br>Defendants. | Case No. 3:22-cv-06913-WHO<br><br>**DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT** |

*Left margin (vertical):* TUCKER ELLIS LLP — Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ◆ Cleveland ◆ Columbus ◆ Los Angeles ◆ San Francisco ◆ St. Louis

Defendant Post Consumer Brands, LLC ("Post"), by and through counsel, for its Answer with separate defenses to Plaintiff's Second Amended Class Action Complaint, states as follows:

## NATURE OF THE ACTION[1]

1.      Post denies that 9Lives-branded pet food and Kibbles 'n Bites-branded pet food are misleadingly labeled as healthful despite sometimes containing titanium dioxide ("TiO2") as an intended ingredient. Post denies that the per- and polyfluoroalkyl substances ("PFAS") allegedly contained in the packaging of its products pose undue health risks further rendering Post's healthful representations false and misleading. Further answering, Post admits only that Plaintiff purports to bring a class action lawsuit under Federal Rule of Civil Procedure 23, but denies that class certification is appropriate and denies the remaining allegations set forth in Paragraph 1. With respect to any allegations in Paragraph 1 that pertain to Meow Mix-branded pet food, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

2.      Post states that to the extent Paragraph 2 purports to characterize or restate information contained in certain announcements by "big players in the food market[,]" the announcements themselves are the best evidence of their content and Post denies any inconsistent characterization of the same. Further answering, Post denies the remaining allegations in Paragraph 2 that pertain to Post. With respect to any allegations in Paragraph 2 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

3.      Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and, therefore, denies the same.

4.      Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and, therefore, denies the same.

5.      Post states that to the extent Paragraph 5 purports to characterize or restate information contained in a report released by the European Food Safety Authority ("EFSA"), the report itself is the

---

[1] For ease of reference only, Post has reproduced the headings used in Plaintiff's Second Amended Class Action Complaint. To the extent such headings contain any allegations or characterizations, Post denies the truth of those allegations or characterizations.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

best evidence of its content and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 and, therefore, denies the same.

6.      Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and, therefore, denies the same.

7.      Post states that to the extent Paragraph 7 purports to characterize or restate information contained in an announcement by the European Commission ("EC"), the announcement itself is the best evidence of its content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 and, therefore, denies the same.

8.      Post denies that it is aware of a causal connection between PFAS and the toxicological effects alleged by Plaintiff. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 and, therefore, denies the same.

9.      Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and, therefore, denies the same.

10.     Post admits that it employs persons whose job responsibilities include food safety and nutrition and evaluating industry developments, but denies the remaining allegations set forth in Paragraph 10 that pertain to Post. With respect to any allegations in Paragraph 10 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

11.     Post denies the allegations set forth in Paragraph 11 that pertain to Post. With respect to any allegations in Paragraph 11 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

12.     Post denies the allegations set forth in Paragraph 12 that pertain to Post. With respect to any allegations in Paragraph 12 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

13.     Post admits that it sells pet food containing TiO2 but denies that the packaging of 9Lives and Kibbles n' Bits pet food products manufactured subsequent to April 2023 contain or risk containing PFAS. Post lacks knowledge as to whether the packaging of some 9Lives and Kibbles 'n Bits pet food products manufactured prior to April 2023 contain or risks containing PFAS. Post states that to the extent Paragraph 13 purports to characterize or restate information contained on the labels of the 9Lives and Kibbles 'n Bit-branded products, the labels themselves are the best evidence of their content, and Post denies any inconsistent characterization of the same. Post denies the remaining allegations in Paragraph 13 that pertain to Post. With respect to any allegations in Paragraph 13 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

14.     Post denies the allegations set forth in Paragraph 14 that pertain to Post. With respect to any allegations in Paragraph 14 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

15.     Post denies the allegations set forth in Paragraph 15 that pertain to Post. With respect to any allegations in Paragraph 15 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

16.     Post admits that Plaintiff purports to bring the claims listed in Paragraph 16 against Defendants individually and on behalf of a purported class under Federal Rule of Civil Procedure 23, but denies that such claims have any merit under the applicable law and denies that class certification is appropriate.

## **PARTIES**

17.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and, therefore, denies the same.

18.     Post denies that the labeling, packaging, and marketing materials of the 9Lives and Kibbles 'n Bits-branded products contain false and misleading claims. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 and, therefore, denies the same.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

19. Post denies that it made any material misrepresentations or omissions on the labeling, packaging, and marketing materials of 9Lives and Kibbles 'n Bits-branded products. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19 and, therefore, denies the same.

20. Post lacks information and knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff remains interested in purchasing pet food made by Post that is healthful for her pets and safe for consumption and that Plaintiff understands that the composition of the Products may change over time. Post denies the remaining allegations set forth in Paragraph 20 that pertain to Post. With respect to any allegations in Paragraph 20 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

21. Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and, therefore, denies the same.

22. Post denies that its headquarters are located at 221 Bolivar Street, Jefferson City, Missouri 65101. Post admits that it has advertised, marketed, manufactured, distributed, and/or sold 9Lives and Kibbles 'n Bits products subsequent to April 2023, but Post denies that it formulated, directed, controlled, had the authority to control, and/or participated in the acts and practices set forth in the Second Amended Class Action Complaint, to the extent that those acts and practices refer to the allegedly misleading labeling of its products as healthful. Post further denies that it formulated the 9 Lives and Kibbles 'n Bits products at any relevant time.

## JURISDICTION AND VENUE

23. The allegations in Paragraph 23 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

24. The allegations in Paragraph 24 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

25. The allegations in Paragraph 25 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

**FACTUAL ALLEGATIONS**

**A.     The Presence of Ti02 Renders Healthful Representations Misleading**

26.     Post admits allegations set forth in Paragraph 26.

27.     Post admits only that TiO2 has been used in the food industry for over 30 years, but denies the remainder of the allegations set forth in Paragraph 27.

28.     Post states that to the extent Paragraph 28 purports to characterize or restate a statement made by Jaydee Hanson, the statement itself is the best evidence of its content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 and, therefore, denies the same.

29.     Post states that to the extent Paragraph 29 purports to characterize or restate conclusions made in certain research studies, the research studies themselves are the best evidence of their content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 and, therefore, denies the same.

30.     Post states that to the extent Paragraph 30 purports to characterize or restate conclusions made in certain research studies, the research studies themselves are the best evidence of their content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 and, therefore, denies the same.

31.     Post states that to the extent Paragraph 31 purports to characterize or restate announcements made by Petco or surveys of veterinarians, the announcements and surveys themselves are the best evidence of their content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 and, therefore, denies the same.

32.     Post states that to the extent Paragraph 32 purports to characterize or restate a study by Zhangjian Chen *et al.*, the study itself is the best evidence of its content, and Post denies any

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 and, therefore, denies the same.

33.     Post states that to the extent Paragraph 33 purports to characterize or restate an announcement by the EFSA, the announcement itself is the best evidence of its content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 and, therefore, denies the same.

34.     Post states that to the extent Paragraph 34 purports to characterize or restate Regulation (EU) 2021/2090, the Regulation itself is the best evidence of its content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 and, therefore, denies the same

**B.      The Presence (or Risk) of PFAS Renders Healthful Representations Misleading**

35.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 and, therefore, denies the same.

36.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 and, therefore, denies the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to whether Defendants rely on many of the same suppliers for each of the Products' packaging. Post denies the remaining allegations made in Footnote 5 to Paragraph 36 that pertain to Post. With respect to any allegations in Footnote 5 to Paragraph 36 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

37.     Post states that to the extent Paragraph 37 purports to characterize testing thresholds used by the packaging industry, such as the Biodegradable Products Institute ("BPI"), those standards are the best evidence of their content, and Post denies any inconsistent characterization of the same. Further

answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 and, therefore, denies the same.

38.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 and, therefore, denies the same.

39.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 and, therefore, denies the same.

40.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 and, therefore, denies the same.

41.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 and, therefore, denies the same.

42.     Post states that to the extent Paragraph 42 purports to characterize or restate a study by Mohammed Zeeshan *et al.*, the study itself is the best evidence of its content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 and, therefore, denies the same.

43.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 and, therefore, denies the same.

44.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 and, therefore, denies the same.

**C.     Defendants' Misrepresentations and Omissions are Actionable**

45.     Post denies the allegations set forth in Paragraph 45 that pertain to Post. With respect to any allegations in Paragraph 45 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

46.     Post states that to the extent Paragraph 46 purports to characterize or restate the 9Lives cat food packaging, the label itself is the best evidence of its content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

form a belief as to the truth of the remaining allegations set forth in Paragraph 46 and, therefore, denies the same.

47.     Post states that to the extent Paragraph 47 purports to characterize or restate the Kibbles 'n Bits dog food packaging, the label itself is the best evidence of its content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47 and, therefore, denies the same.

48.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 and, therefore, denies the same.

49.     Post denies the allegations set forth in Paragraph 49 that pertain to 9Lives and Kibbles 'n Bits-branded pet food.  Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 and, therefore, denies the same.

50.     Post admits only that certain 9Lives and Kibbles 'n Bits-branded pet food products contain or have contained Ti02. Post states that to the extent Paragraph 50 purports to characterize or restate the labels of its products, the labels themselves are the best evidence of their content, and Post denies any inconsistent characterization of the same. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 50 and, therefore, denies the same.

51.     Post denies that the packaging of 9Lives and Kibbles 'n Bits pet food products manufactured subsequent to April 2023 contain or risk containing PFAS. Post denies all remaining allegations in Paragraph 51 that pertain to Post. With respect to any allegations in Paragraph 51 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

52.     Post denies the allegations set forth in Paragraph 52.

53.     Post denies the allegations set forth in Paragraph 53.

54.     Post denies the allegations set forth in Paragraph 54.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

55.     Post denies the allegations set forth in Paragraph 55.

56.     Post denies the allegations set forth in Paragraph 56 that pertain to Post. With respect to any allegations in Paragraph 56 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

57.     Post denies the allegations set forth in Paragraph 57 that pertain to Post. With respect to any allegations in Paragraph 57 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

58.     Post denies the allegations set forth in Paragraph 58 that pertain to Post. With respect to any allegations in Paragraph 58 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

59.     Post denies the allegations set forth in Paragraph 59 that pertain to Post. With respect to any allegations in Paragraph 59 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

60.     Post denies the allegations set forth in Paragraph 60 that pertain to Post. With respect to any allegations in Paragraph 60 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

61.     Post denies the allegations set forth in Paragraph 61 that pertain to Post. With respect to any allegations in Paragraph 61 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

62.     Post denies the allegations set forth in Paragraph 62.

## CLASS ALLEGATIONS

63.     Post admits that Plaintiff purports to bring this action on behalf of a class of persons in the State of California, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper.

64.     Post admits that Plaintiff purports to bring this action on behalf of a class of persons in the State of California, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

65.     The allegations in Paragraph 65 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

66.     Post denies the allegations set forth in Paragraph 66.

67.     Post denies the allegations set forth in Paragraph 67.

68.     Post denies the allegations set forth in Paragraph 68.

69.     Post denies the allegations set forth in Paragraph 69.

70.     Post denies the allegations set forth in Paragraph 70.

71.     Post denies the allegations set forth in Paragraph 71 that pertain to Post. With respect to any allegations in Paragraph 71 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

72.     Post denies the allegations set forth in Paragraph 72 that pertain to Post. With respect to any allegations in Paragraph 72 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

73.     Post admits only that Plaintiff purports to base her claims for relief on the foregoing allegations, but denies all remaining allegations in Paragraph 73.

## COUNT I
### (Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

74.     Post restates and incorporates its responses to all paragraphs above as if fully set forth herein.

75.     Post admits that Plaintiff purports to bring this action on behalf of herself and a class of persons in the State of California, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper.

76.     The allegations in Paragraph 76 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

77.     Post denies the allegations set forth in Paragraph 77 that pertain to Post. With respect to any allegations in Paragraph 77 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

78.     Post denies the allegations set forth in Paragraph 78 that pertain to Post. With respect to any allegations in Paragraph 78 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

79.     Post denies the allegations set forth in Paragraph 79 that pertain to Post. With respect to any allegations in Paragraph 79 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

80.     The allegations in Paragraph 80 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

81.     Post denies the allegations set forth in Paragraph 81 that pertain to Post. With respect to any allegations in Paragraph 81 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

82.     Post denies the allegations set forth in Paragraph 82 that pertain to Post. With respect to any allegations in Paragraph 82 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

83.     Post denies the allegations set forth in Paragraph 83 that pertain to Post. With respect to any allegations in Paragraph 83 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

84.     Post denies the allegations set forth in Paragraph 84.

85.     Post denies that it deceptively marketed or omitted material facts about the true nature of 9Lives and Kibbles 'n Bits-branded pet food. Further answering, Post lacks information and knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 85 and, therefore, denies the same.

86.     Post denies the allegations set forth in Paragraph 86.

87.     Post denies the allegations set forth in Paragraph 87 that pertain to Post. With respect to any allegations in Paragraph 87 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

88.     Post admits that Plaintiff, on behalf of herself and a purported class, is seeking an order for this Court as specified in Paragraph 88. Post denies that the certification of any class under Federal Rule of Civil Procedure 23 is proper and denies that Plaintiff is entitled to the order specified in Paragraph 88.

**COUNT II**
**(Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code § 1750, *et seq.*)**

89.     Post restates and incorporates its responses to all paragraphs above as if fully set forth herein.

90.     Post admits that Plaintiff purports to bring this action on behalf of herself and a class of persons in the State of California, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper and denies the remaining allegations in Paragraph 90.

91.     The allegations in Paragraph 91 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

92.     The allegations in Paragraph 92 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

93.     The allegations in Paragraph 93 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

94.     Post denies the allegations set forth in Paragraph 94 that pertain to Post. With respect to any allegations in Paragraph 94 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

95.     Post denies the allegations set forth in Paragraph 95.

96.     Post denies the allegations set forth in Paragraph 96 that pertain to Post. With respect to any allegations in Paragraph 96 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

97.     Post denies the allegations set forth in Paragraph 97 that pertain to Post. With respect to any allegations in Paragraph 97 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

98.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 and, therefore, denies the same.

99.     Post denies the allegations set forth in Paragraph 99 that pertain to Post. With respect to any allegations in Paragraph 99 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

100.    Post denies the allegations set forth in Paragraph 100.

101.    Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 and, therefore, denies the same.

102.    Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 102 and, therefore, denies the same.

103.    Post admits only that Plaintiff's counsel sent Post a letter purporting to constitute a CLRA notice letter dated July 24, 2023. Post states that to the extent Paragraph 103 purports to characterize or restate the July 24, 2023 letter, the letter itself is the best evidence of its content, and Post denies any inconsistent characterization of the same.

104.    Post admits only that Plaintiff seeks damages from Defendants. Post denies the remaining allegations set forth in Paragraph 104 that pertain to Post. With respect to any allegations in Paragraph 104 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

105.    Post denies that certification of any class under Federal Rule of Civil Procedure 23 is proper and denies that Plaintiff and the purported class are entitled to the injunctive relief requested in Paragraph 105.

## COUNT III
### (Violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

106.    Post restates and incorporates its responses to all paragraphs above as if fully set forth herein.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

107.     Post admits that Plaintiff purports to bring this action on behalf of herself and a class of persons in the State of California, but denies the certification of any class under Federal Rule of Civil Procedure 23 is proper.

108.     Post denies the allegations set forth in Paragraph 108 that pertain to Post. With respect to any allegations in Paragraph 108 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

109.     Post admits that it disseminated advertising regarding 9Lives and Kibbles 'n Bits-branded pet food products across California. Post denies the remaining allegations set forth in Paragraph 109 that pertain to Post. With respect to any allegations in Paragraph 109 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

110.     Post denies the allegations set forth in Paragraph 110 that pertain to Post. With respect to any allegations in Paragraph 110 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

111.     Post denies the allegations set forth in Paragraph 111 that pertain to Post. With respect to any allegations in Paragraph 111 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

112.     Post denies the allegations set forth in Paragraph 112 that pertain to Post. With respect to any allegations in Paragraph 112 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

113.     Post denies the allegations set forth in Paragraph 113 that pertain to Post. With respect to any allegations in Paragraph 113 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

114.     Post denies the allegations set forth in Paragraph 114 that pertain to Post. With respect to any allegations in Paragraph 114 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

115.    Post admits that Plaintiff and the purported class seek the relief set forth in Paragraph 115. Post denies that certification of any class under Federal Rule of Civil Procedure 23 is proper and denies that Plaintiff and the purported class are entitled to the injunctive relief requested in Paragraph 115.

**COUNT IV**
**(Fraud)**

116.    Post restates and incorporates its responses to all paragraphs above as if fully set forth herein.

117.    Post admits that Plaintiff purports to bring this action on behalf of herself and a class of persons in the State of California, but denies the certification of any class under Federal Rule of Civil Procedure 23 is proper.

118.    Post denies the allegations set forth in Paragraph 118 that pertain to Post. With respect to any allegations in Paragraph 118 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

119.    Post denies the allegations set forth in Paragraph 119 that pertain to Post. With respect to any allegations in Paragraph 119 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

120.    Post denies the allegations set forth in Paragraph 120 that pertain to Post. With respect to any allegations in Paragraph 120 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

121.    Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121, and therefore denies the same.

122.    Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122, and therefore denies the same.

123.    Post denies the allegations set forth in Paragraph 123.

124.    Post denies the allegations set forth in Paragraph 124.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

## COUNT V
### (Fraudulent Inducement)

125.    Post restates and incorporates its responses to all paragraphs above as if fully set forth herein.

126.    Post admits that Plaintiff purports to bring this action on behalf of herself and a class of persons in the State of California, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper.

127.    Post denies the allegations set forth in Paragraph 127 that pertain to Post. With respect to any allegations in Paragraph 127 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

128.    Post denies the allegations set forth in Paragraph 128 that pertain to Post. With respect to any allegations in Paragraph 128 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

129.    Post denies the allegations set forth in Paragraph 129 that pertain to Post. With respect to any allegations in Paragraph 129 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

130.    Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 130, and therefore denies the same.

131.    Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131, and therefore denies the same.

132.    Post denies the allegations set forth in Paragraph 132 that pertain to Post. With respect to any allegations in Paragraph 132 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

133.    Post denies the allegations set forth in Paragraph 133 that pertain to Post. With respect to any allegations in Paragraph 133 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

134.    Post denies the allegations set forth in Paragraph 134.

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

## COUNT VI
### (Fraudulent Concealment or Omission)

135.    Post restates and incorporates its responses to all paragraphs above as if fully set forth herein.

136.    Post admits that Plaintiff purports to bring this action on behalf of herself and a class of persons in the State of California, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper.

137.    Post admits the allegations set forth in Paragraph 137 that pertain to Post. With respect to any allegations in Paragraph 137 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

138.    Post denies the allegations set forth in Paragraph 138 that pertain to Post. With respect to any allegations in Paragraph 138 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

139.    Post denies the allegations set forth in Paragraph 139 that pertain to Post. With respect to any allegations in Paragraph 139 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

140.    Post denies the allegations set forth in Paragraph 140 that pertain to Post. With respect to any allegations in Paragraph 140 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

141.    Post denies the allegations set forth in Paragraph 141 that pertain to Post. With respect to any allegations in Paragraph 141 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

142.    Post denies the allegations set forth in Paragraph 142.

143.    Post denies the allegations set forth in Paragraph 143 that pertain to Post. With respect to any allegations in Paragraph 143 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

144.     Post denies the allegations set forth in Paragraph 144 that pertain to Post. With respect to any allegations in Paragraph 144 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

145.     Post denies the allegations set forth in Paragraph 145 that pertain to Post. With respect to any allegations in Paragraph 145 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

146.     Post denies the allegations set forth in Paragraph 146 that pertain to Post. With respect to any allegations in Paragraph 146 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

147.     Post denies the allegations set forth in Paragraph 147 that pertain to Post. With respect to any allegations in Paragraph 147 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## COUNT VII
### (Fraudulent Misrepresentation)

148.     Post restates and incorporates its responses to all paragraphs above as if fully set forth herein.

149.     Post admits that Plaintiff purports to bring this action on behalf of herself and a class of persons in the State of California, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper.

150.     Post denies the allegations set forth in Paragraph 150 that pertain to Post. With respect to any allegations in Paragraph 150 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

151.     Post denies the allegations set forth in Paragraph 151 that pertain to Post. With respect to any allegations in Paragraph 151 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

152.     Post denies the allegations set forth in Paragraph 152 that pertain to Post. With respect to any allegations in Paragraph 152 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

153.     Post denies the allegations set forth in Paragraph 153 that pertain to Post. With respect to any allegations in Paragraph 153 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

154.     Post denies the allegations set forth in Paragraph 154 that pertain to Post. With respect to any allegations in Paragraph 154 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

155.     Post admits that Plaintiff and the purported class seek the relief set forth in Paragraph 155, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper and further denies that Plaintiff and the purported class are entitled to relief requested in Paragraph 155.

## COUNT VIII
### (Negligent Misrepresentation)

156.     Post restates and incorporates its responses to all paragraphs above as if fully set forth herein.

157.     Post admits that Plaintiff purports to bring this action on behalf of herself and a class of persons in the State of California, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper.

158.     The allegations in Paragraph 158 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations set forth in Paragraph 158 that pertain to Post. With respect to any allegations in Paragraph 158 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

159.     Post denies the allegations set forth in Paragraph 159 that pertain to Post. With respect to any allegations in Paragraph 159 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

160.     Post denies the allegations set forth in Paragraph 160 that pertain to Post. With respect to any allegations in Paragraph 160 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

161.     Post denies the allegations set forth in Paragraph 161 that pertain to Post. With respect to any allegations in Paragraph 161 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

162.     Post admits that Plaintiff and the purported class seek the relief set forth in Paragraph 162, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper and denies that Plaintiff and the purported class are entitled to relief requested in Paragraph 162.

## COUNT IX
### (Quasi-Contract / Unjust Enrichment)

163.     Post restates and incorporates its responses to all paragraphs above as if fully set forth herein.

164.     Post admits that Plaintiff purports to bring this action on behalf of herself and a class of persons in the State of California, but denies that certification of any class under Federal Rule of Civil Procedure 23 is proper.

165.     The allegations in Paragraph 165 call for a legal conclusion for which no response is required. To the extent a response is required, Post denies the allegations.

166.     Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 and, therefore, denies the same.

167.     Post denies the allegations set forth in Paragraph 167 that pertain to Post. With respect to any allegations in Paragraph 167 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

168.    Post denies the allegations set forth in Paragraph 168 that pertain to Post. With respect to any allegations in Paragraph 168 that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

## REQUEST FOR RELIEF

169.    Post denies that Plaintiff is entitled to any of the relief prayed for in its Prayer for Relief that pertains to Post. With respect to any relief prayed for that pertain to other Defendants, Post lacks information and knowledge sufficient to form a belief as to Plaintiff's entitlement to the relief and, therefore, denies the same.

170.    Post denies each and every allegation and averment in the Second Amended Class Action Complaint that is not specifically admitted in this Answer.

## AFFIRMATIVE OR SEPARATE DEFENSES

For its affirmative or separate defenses to the Second Amended Class Action Complaint, Defendant Post Consumer Brands, LLC asserts the following defenses. Post reserves its right to amend this Answer to assert any other defenses that may become available during the litigation.

1.    Plaintiff fails to state a claim for which relief can be granted.

2.    Plaintiff fails to satisfy all or part of the requirements set forth in Federal Rule of Civil Procedure 23(a)(1)-(4).

3.    Plaintiff fails to satisfy all or part of the requirements set forth in Federal Rule of Civil Procedure 23(b)(1)-(3).

4.    Plaintiff has not pled a set of facts sufficient to sustain her burden of proving that she is representative of any alleged class.

5.    One or more of Plaintiff's claims, including, but not limited to, the claims for fraud (Counts IV-VII), are not pled with specificity as required by Federal Rule of Civil Procedure 9(b). Therefore, these claims should be dismissed or stricken *sua sponte* as an "insufficient claim" under Federal Rule of Civil Procedure 12(f).

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

6.      To the extent Plaintiff fails to demonstrate that every putative class member sustained cognizable damages as a result of Post's actions with respect to every putative class member, any finding of liability on a class-wide basis would violate Post's rights under the due process clause of the U.S. Constitution and any applicable state constitution.

7.      Plaintiff's claims and some or all of the claims of the purported class, in whole or in part, are barred by the applicable statutes of limitation.

8.      Plaintiff's claims and some or all of the claims of the purported class, are barred by the doctrines of laches, waiver, estoppel and/or unclean hands.

9.      Plaintiff's claims are impliedly, expressly, or otherwise preempted, in whole or in part, by federal law, including, but not limited to, actions of the United States Food and Drug Administration ("FDA").

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention and/or primary jurisdiction.

11.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution and any applicable state constitution.

12.     Any alleged injury or damage claimed by Plaintiff and/or the purported class was the direct and proximate result of acts or omissions by persons or entities other than Post.

13.     Any alleged injury or damage claimed by Plaintiff and some or all of the purported class was caused in whole or in part by intervening and/or superseding acts, events, or omissions of persons or entities other than Post.

14.     Plaintiff's claims and those of the proposed class are barred, in whole or in part, because they have not suffered any injury as a result of the acts alleged in the Complaint.

15.     Plaintiff and some or all of the purported class have failed to mitigate their damages.

16.     Plaintiff has failed to join necessary parties.

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

17.     Plaintiff is precluded from recovery on her misrepresentation-based claims and claims founded in fraud because the representations and actions alleged by Plaintiff were not intended to deceive.

18.     At all times relevant, the Product(s) manufactured by Post complied with all applicable federal and/or industry standards, which constitutes the extent of Post's duties.

19.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's spoliation of evidence.

20.     Plaintiff lacks standing to assert the claims for relief alleged in the Second Amended Class Action Complaint on her own behalf or on behalf of the putative class members.

21.     Plaintiff's claims are barred, in whole or in part, because the damages sought by plaintiff and the putative class members are speculative, remote, and/or impossible to ascertain.

22.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's inability to prove that Post's actions contributed to its alleged injuries.

23.     Plaintiff's claims are barred, in whole or in part, because Plaintiff and members of the putative class would be unjustly enriched if allowed to recover any portion of the damages alleged in the Second Amended Class Action Complaint.

24.     The imposition of punitive damages in this case is barred to the extent that the manner in which punitive damages are calculated violates the Constitution of the United States and/or applicable state constitutions.

25.     Any award of punitive damages in this case is barred to the extent that the amount of such an award violates the Constitution of the United States and/or applicable state constitutions.

26.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to allege facts sufficient under the law to justify an award of punitive damages under the statutes or laws of any of the states involved herein.

WHEREFORE, Defendant Post Consumer Brands, LLC, having fully answered Plaintiff's Second Amended Class Action Complaint requests that:

1.     The claims against Post be dismissed with prejudice;

2.     Judgment be entered in Post's favor;

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco ♦ St. Louis

3.      Post be awarded its attorneys' fees, costs, and expenses; and

4.      Post be awarded other such relief to which it is entitled under Federal Rule of Civil

Procedure 54(D).

### **JURY TRIAL DEMANDED**

Defendant Post Consumer Brands, LLC requests trial by jury on all issues so triable.

DATED: October 9, 2023                                    TUCKER ELLIS LLP

By:     */s/ Michael J. Ruttinger*
        Michael J. Ruttinger

        An Attorney for Defendant
        Post Consumer Brands, LLC

DEFENDANT POST CONSUMER BRANDS, LLC'S ANSWER TO SECOND AMENDED
CLASS ACTION COMPLAINT

Case No. 3:22-cv-06913-WHO

6198717.2